## CHICAGO, R. I. & G. RY. CO. v. SWAGGERTY.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1913. Rehearing Denied Jan. 17, 1914.)

1. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—EVIDENCE.

An assignment of error to the admission of a telephone conversation with an agent of defendant, on the ground that there was insufficient evidence that the party talking over the phone was defendant's agent, will be overruled where the witness further testified that he later went to defendant's office and the agent repeated the conversation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

2. EVIDENCE (§ 543*)—OPINIONS—WITNESSES—QUALIFICATIONS.

Witnesses who testified that they were engaged in the business of buying, feeding, and selling cattle and were familiar with the market value of cattle generally were qualified to give their opinion as to the value of a shipment of cattle which was damaged, although they testified that they had never known of sales of cattle injured as they were, and did not know just what such cattle would have brought on the market.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

3. TRIAL (§ 296*)—MISLEADING INSTRUCTIONS—NEGLIGENCE.

A charge to find for plaintiff if the cattle sustained injuries through defendant's negligence will not be held to have led the jury to disregard defendant's plea of contributory negligence, where in another paragraph that plea was expressly submitted and the jury instructed to return a verdict for defendant if that plea was sustained.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. APPEAL AND ERROR (§ 739*)—GENERAL ASSIGNMENTS OF ERROR—INSTRUCTIONS.

In an action against a railroad for injuries to a shipment of cattle, an assignment that a charge was erroneous "because there was no evidence to show rough handling and none to show unnecessary delay" will be overruled, where there was evidence of rough handling, even though there was none of unreasonable delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. § 739.*]

5. TRIAL (§ 296*)—MISLEADING INSTRUCTIONS—NEGLIGENCE.

Where the court assumed that defendant was negligent in some paragraphs of its charge, but in other paragraphs the issue was expressly submitted as a controverted issue, and its determination left to the jury, with further instructions that, if plaintiff's case had not been made out by a preponderance of the evidence, the verdict should be for the defendant, and that the jury were the exclusive judges of credibility of witnesses and the weight of the evidence, the jury will be held not to have been misled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

6. CARRIERS (§ 228*)—ANIMALS—INJURIES—NEGLIGENCE—EVIDENCE.

In an action against a carrier for injuries to a shipment of cattle, evidence *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Suit by J. F. Swaggerty against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John Speer, of Montague, and Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. H. F. Weldon, of Bowie, for appellee.

DUNKLIN, J. The Chicago, Rock Island & Gulf Railway Company was sued by J. F. Swaggerty for damages alleged to have resulted from injuries received by cattle owned by the plaintiff during a shipment from North Ft. Worth to Bowie, a distance of approximately 67 miles, and, from a judgment in favor of the plaintiff, the defendant has appealed.

[1] The shipment left North Ft. Worth about 7 o'clock in the morning on November 11, 1911, and reached Bowie shortly before noon of the same day. By the first assignment complaint is made of the admission of the testimony of plaintiff to an alleged conversation over the telephone with a person representing himself to be defendant's station agent at North Ft. Worth; the witness testifying that the agent told witness the cattle would be shipped out of North Ft. Worth at about 8:30 o'clock of the afternoon of November 10th. Defendant objected to the testimony upon the ground that there was no sufficient evidence that the person to whom the witness talked was the agent of the defendant authorized to make the statement alleged. This assignment is overruled for the

reason that the witness further testified that he subsequently went in person to the office of defendant's station agent, where the statement over the telephone already detailed by the witness was repeated by the agent. Furthermore, the proof was uncontroverted that the cattle were not delivered to the defendant for shipment until the morning of November 11th, and in the charge to the jury no issue of liability was submitted for defendant's failure to receive the cattle earlier than they were received.

[2] According to testimony introduced, all the cattle were in good condition for shipment at the time they were delivered to the defendant for transportation, and upon their arrival at Bowie some of them were dead, and others were bruised and crippled. Both plaintiff and witness George Teague were permitted to give their estimates of the value of the cattle which reached their destination alive, but in an injured condition at the time of their arrival, and what would have been their value had they reached their destination in an uninjured condition. The defendant objected to these estimates upon the ground that the witnesses had not qualified to give such estimates; both of said witnesses having testified that they had never known of sales of cattle injured just as those were injured, and did not know just what such cattle would have brought on the market. Both these witnesses testified that they were engaged in the business of buying, feeding, and selling cattle and were familiar with the market value of cattle generally, and the estimates given were opinions based upon their experience in such business. We are of the opinion that there was no error in admitting the testimony.

[3] In submitting the plaintiff's case to the jury, the jury were instructed to return a verdict in favor of the plaintiff, if the cattle sustained injuries through defendant's negligence. Appellant insists that, in effect, this was an instruction to disregard its plea, and evidence to support the same, that plaintiff was guilty of contributory negligence in overcrowding the cattle in the cars. However, in another paragraph of the charge, the plea of contributory negligence was expressly submitted, and the jury were told that, if that plea was sustained, then a verdict should be returned in defendant's favor. When the charge is considered as a whole, as the jury must have considered it, we do not think that it is likely that they interpreted the paragraph assailed as appellant has suggested.

[4] In the paragraph of the court's charge referred to already, the grounds of negligence submitted were the alleged delay in the shipment and the alleged negligence in jerking, bumping, and jamming the cattle during the shipment. Appellant insists that there was no evidence of an unreasonable delay, and none to show that the cattle were roughly handled. Testimony that the cattle were in good shipping condition when they left Ft. Worth and that some of them were dead and others bruised and crippled upon their arrival at destination was some evidence of rough handling. According to the testimony of appellant's conductor who handled the cattle, there was a delay at Boyd, a station between Ft. Worth and Bowie, of about 50 minutes. He further testified that this delay was necessary in order to unload two cars of cattle and to pass another train going in an opposite direction, and that the entire trip was made in a shorter time than the ordinary schedule for such a train from North Ft. Worth to Bowie; and this testimony does not seem to have been expressly controverted by any other witness. Appellant's proposition now under discussion is that the charge was erroneous because there was no evidence to show rough handling, and none to show unnecessary delay. As there was evidence to show rough handling, the proposition cannot be sustained, even though it should be said that there was no evidence to show a negligent delay, for to sustain the same would be erroneous for the same reason as it would be to sustain a general demurrer to a petition, one count in which set up a good cause of action, while another count showed no cause of action. Besides, we are not prepared to hold that, under all the circumstances, it was improper to submit the issue of unreasonable delay for the determination of the jury.

[5] By other assignments it is insisted that in some paragraphs of the charge the court assumed that defendant was guilty of negligence in the handling of the cattle. In other paragraphs of the charge, however, the issue of negligence was expressly submitted as a controverted issue, and its determination was left to the jury, with further instructions that, if plaintiff's case had not been made out by a preponderance of the evidence, a verdict should be returned for the defendant, and that the jury were the exclusive judges of the credibility of the witnesses and the weight of the evidence. Under these circumstances, it is improbable that the jury understood any portion of the instruction as implying an opinion on the part of the court that the defendant was guilty of negligence.

[6] We are of the opinion further that the evidence was sufficient to sustain the verdict, and that the court did not err in refusing defendant's requested peremptory instruction to return a verdict in its favor.

The judgment is affirmed.